COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

JIMMY WAYNE POWELL

v.   Record No. 2108-96-1                    MEMORANDUM OPINION*
                                                  PER CURIAM
ST. JOE CONTAINER COMPANY                    JANUARY 28, 1997
AND
LIBERTY MUTUAL INSURANCE COMPANY

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Robert J. Macbeth, Jr.; Rutter & Montagna,
            on brief), for appellant.

            (Robert A. Rapaport; Lynne M. Ferris; Knight,
            Dudley, Clarke & Dolph, on brief), for
            appellees.


     Jimmy Wayne Powell contends that the Workers' Compensation

Commission erred in finding that he failed to prove he was

disabled as of January 31, 1995, due to the compensable

aggravation of his preexisting C6-7 cervical condition.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

     So viewed, the evidence established that on January 31,

1995, Dr. Peter M. Klara, a neurosurgeon, completed a disability

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

form, indicating that Powell was "disabled for approximately 30 days or until eval of EMG & NCV." Dr. Klara did not indicate on the form the specific cause of Powell's disability. Powell testified that he understood from Dr. Klara that he was to remain out of work until surgery was performed.

The evidence proved that in addition to the compensable aggravation of Powell's preexisting C6-7 cervical condition, Powell also suffered from degenerative changes throughout his spine and a previous back injury in 1988. Dr. Klara did not comment upon Powell's disability in his later medical reports. None of the other physicians who examined Powell reported the cause of Powell's disability.

The commission found that Powell proved that his compensable July 7, 1993 injury by accident caused an aggravation of his preexisting C6-7 cervical condition, rendering employer responsible for medical treatment related to the C6-7 cervical condition. The parties did not appeal this finding. The commission found, however, that although Powell proved that medical treatment related to the aggravation of his preexisting C6-7 cervical condition was compensable, neither Powell's testimony nor Dr. Klara's January 31, 1995 office note was sufficient to establish that Powell was disabled as of January 31, 1995, due to his compensable condition.

"General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground

2

of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  The commission's findings are binding and conclusive upon us unless we can say as a matter of law that Powell proved he was disabled after January 31, 1995 and that his disability was causally related to the compensable aggravation of his C6-7 preexisting cervical condition.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In light of the undisputed evidence that Powell suffered from degenerative changes throughout his spine and from a prior back injury in 1988, which were unrelated to Powell's compensable injury by accident, the commission was entitled to give little weight to Powell's testimony that he was advised to remain out of work until surgery was performed.  Moreover, the commission, in its role as fact finder, found Dr. Klara's January 31, 1995 note to be inconclusive.  "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).  As the commission noted in its response to Powell's Motion for Reconsideration:

> [Dr. Klara's January 31, 1995] report does not indicate that the disability is based upon any aggravation of the claimant's preexisting condition in the industrial accident.  You are aware that the claimant

3

> suffers from some degenerative changes throughout the spine, and a prior back injury in 1988. Only the cervical condition was aggravated in the industrial injury. Moreover, we cannot determine whether this note indicates actual physical disability, or is a precaution pending diagnostic studies. The MRI then revealed a small bulging cervical disc, but there was no further comment in any of the medical reports regarding disability after this condition was found. The office note of January 31, 1995, in summary, is not sufficient to establish disability, even when considered in conjunction with the claimant's testimony.

Because the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that the evidence established a causal link between the compensable aggravation of Powell's C6-7 preexisting cervical condition and his asserted post-January 31, 1995 disability. Accordingly, we affirm the commission's finding that Powell's evidence failed to sustain his burden of proving he suffered from causally-related disability after January 31, 1995.

<u>Affirmed.</u>

4